IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICIA MAZZANTI,                                    No. CIV S-06-1101-MCE-CMK

        Plaintiff,

    vs.                                              FINDINGS AND RECOMMENDATIONS

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

        Defendant.

_____/

        Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). On May 19, 2006, the court issued a scheduling order which required plaintiff to file a dispositive motion within 45 days of service of defendant's response to the complaint and certified administrative record. Plaintiff was warned that failure to comply may result in dismissal of this action for lack of prosecution and failure to comply with court orders and rules. See Local Rule

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Michael J. Astrue is substituted for his predecessor. The Clerk of the Court is directed to update the docket to reflect the above caption.

1

1 11-110.  A review of the docket reflects that the answer and certified administrative record were
2 served on August 31, 2006.  Plaintiff failed to file a dispositive motion as directed and, on
3 November 17, 2006, the court directed plaintiff to show cause within 20 days why this action
4 should not be dismissed for lack of prosecution and failure to comply with court rules and
5 orders.  The court stated that the filing of a dispositive motion would be considered an adequate
6 response to the order to show cause and warned plaintiff that failure to respond to the order to
7 show cause could result in dismissal of the action.  See Local Rule 11-110.
8        The court must weigh five factors before imposing the harsh sanction of
9 dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.
10 U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's
11 interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)
12 the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
13 their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,
14 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an
15 appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. 
16 See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is
17 appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,
18 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to
19 follow local rules.  See Ghazali, 46 F.3d at 53.
20        In this case, having weighed these factors, and in light of plaintiff's failure to
21 prosecute this case by filing a dispositive motion, the court finds that dismissal is appropriate.
22        Based on the foregoing, the undersigned recommends that this action be
23 dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and
24 orders.
25 / / /
26 / / /

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 7, 2007.

                                                **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE